# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# WINCHESTER DIVISION

| | |
|---|---|
| **KAREN S. PLESS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| **ZYNGA, INC.** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

Defendant Zynga, Inc. ("Zynga"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, specially appears for the purpose of this removal and, preserving all defenses, removes this action to the United States District Court for the Eastern District of Tennessee from the Circuit Court of Coffee County, Tennessee. In support of this Notice of Removal, Zynga states as follows:

### I. OVERVIEW

1. On November 13, 2023, Plaintiff Karen S. Pless ("Plaintiff") filed suit against Zynga in the Circuit Court of Coffee County, Tennessee, Case No. 23-CV-49175.

2. Zynga develops and publishes mobile and social games. *See* Declaration of Linda Zabriskie ("Zabriskie Decl.") ¶ 2, attached as **Exhibit B**. Among the games Zynga offers are free-to-play casino-themed social games (the "Games"). *Id*. Plaintiff claims that the Games are unlawful contests of chance under Tennessee law. Compl. ¶¶ 12–17.

3. Plaintiff seeks to recover the amounts spent by all players in Tennessee of Zynga's Games from November 13, 2022, to the present (the "Relevant Time Period"), but excluding amounts spent by any players who personally spent $75,000 or more during the Relevant Time Period. Compl. ¶¶ 5, 24, Prayer for Relief ¶ 2.

4. Plaintiff claims she is entitled to this relief under Tennessee Code § 29-19-105, which provides that if a person who loses money on unlawful gambling does not bring an action to recover his or her losses within 90 days of the loss, "[a]ny other person may, after the expiration of the ninety (90) days, and within twelve (12) months thereafter, recover the amount of such money, thing, or its value, by action for the use of the spouse; or, if no spouse, the child or children; and, if no child or children, the next of kin of the loser." Tenn. Code § 29-19-105.

5. Pursuant to § 1446(a), attached as **Exhibit A** is a copy of all process, pleadings, and orders filed in the state court case to date. Zynga was served with the summons and complaint on November 13, 2023. Zynga has not filed any responsive pleadings in the state court.

6. This removal is timely because Zynga has filed this notice within 30 days of service. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.").

7. Zynga, by counsel, specially appears for the purpose of this removal and reserves all defenses, including, but not limited to, lack of personal jurisdiction. *See Tenn. Valley Auth. v. Tenn. Elec. Power Co.*, 90 F.2d 885, 888 (6th Cir. 1937) ("[W]ant of jurisdiction in the state court . . . may be asserted after removal is consummated."); *Harrison v. Steffen*, 51 F. Supp. 225, 226 (E.D. Ky. 1943) ("It is well settled that the appearance by a defendant for the purpose of obtaining the removal of a case from a state court to a federal court does not operate as a general appearance and that all questions that can be made before a state court can be made in the court to which the case has been removed.").

8. A copy of this Notice of Removal will be filed with the Circuit Court of Coffee County, and a copy will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

///

## II. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because (1) Plaintiff is a citizen of Tennessee and Zynga is not; and (2) Plaintiff seeks to recover more than $75,000, exclusive of interest and costs.

10. Alternatively, this Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because (1) this action, in which Plaintiff seeks to collect millions of dollars "for the use of" the family members of everyone in Tennessee who spent money on the Games, is "in substance" a "class action" within the broad meaning of that term under the CAFA; (2) Zynga is not a citizen of Tennessee; (3) more than 100 players in Tennessee spent money on the Games during the Relevant Time Period, even when excluding players who spent $75,000 or more; and (4) the total expenditures on the Games by all Tennessee players during the Relevant Time Period exceeds $5,000,000, exclusive of interest and costs, even when excluding the expenditures of players who spent $75,000 or more.

11. Venue is proper in the Eastern District of Tennessee, Winchester Division, because the state court action was filed in the Circuit Court of Coffee County, Tennessee. Thus, this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. GROUNDS FOR REMOVAL

### A. Removal Is Proper under the Court's Diversity Jurisdiction

12. Removal of this case is proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a). Together, these statutes allow for the removal of any civil action between "citizens of different states" where the amount in controversy exceeds $75,000, exclusive of interest and costs, provided that no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). These requirements are satisfied here.

13. It is undisputed that Plaintiff is a citizen of Tennessee (Compl. ¶ 10) and Zynga is not a citizen of Tennessee (*id.* ¶ 11; *see also* Zabriskie Decl. ¶ 2). Thus, there is complete diversity.

14. The amount-in-controversy requirement is also satisfied. Where, as here, there is an unspecified claim for damages, the defendant need only prove by a "preponderance of the evidence" that the amount in controversy exceeds the jurisdictional minimum. *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 769–70 (6th Cir. 2009). Courts "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Naji v. Lincoln*, 665 F. App'x 397, 401 n.2 (6th Cir. 2016) (citation omitted). The removing defendant may present evidence to establish the amount in controversy, including "affidavits, market data, declarations, or other competent proof demonstrating the amount-in-controversy requirement is satisfied[.]" *Redemption to the Nations v. Progressive Invs. Grp., LLC*, 2022 WL 368811, at *4 (E.D. Tenn. Feb. 7, 2022).

15. Plaintiff "seeks recovery of all sums paid by Tennessee residents to Zynga in its . . . [G]ames during [the Relevant Time Period]," excluding the purchases of players who spent $75,000 or more during that period. Compl. ¶ 24.

16. That Plaintiff's recovery, if any, under § 29-19-105 is "for the use of" the players' family members is irrelevant to the jurisdictional issue for several reasons.

17. First, under the plain language of the statute, any recovery will be delivered directly to Plaintiff. *See* Tenn. Code § 29-19-105 ("**Any other person may** . . . **recover** the amount of such money, thing, or its value, by action for the use of the spouse; or, if no spouse, the child or children; and, if no child or children, the next of kin of the loser.") (emphasis added). There is nothing in the statute that compels Plaintiff to distribute the money to players' families. Instead, the statute simply says that Plaintiff will be the one who recovers the money, and that the recovery will be "for the use of" the players' families, if they even exist and can be located.

18. Second, aggregation is proper in suits brought by one plaintiff asserting a single claim for recovery, as Plaintiff does here. This is because "the non-aggregation principle only applies to '[t]he separate and distinct claims of *two or more plaintiffs*.'" *In re Folgers Coffee, Mktg. Litig.*, 2021 WL 5106457, at *3–4 (W.D. Mo. Aug. 19, 2021) (emphasis in original). Here, there is only one Plaintiff, she is seeking a single undivided recovery of all amounts spent by everyone in Tennessee on the games, and that recovery goes directly to her under the statute.

19. Third, that Plaintiff's recovery under the statute is "for the use of" the players' family members does not change the fact that Plaintiff herself will receive the recovery and that she stands to recover more than $75,000. Indeed, even if Plaintiff were required to distribute the money she recovers to players' families, the statute is silent on who gets the money earmarked for a particular player's family members if they cannot be identified, either because there are no living family members or they cannot be located. The statute is also silent on who gets the money if the family members, for whatever reason, do not claim their funds. Tenn. Code § 29-19-105.

20. Zynga expects Plaintiff and her counsel will take the position that they get to keep any and all unclaimed funds, in which case it is not hard to imagine that Plaintiff would recover more than $75,000 if her position were correct. Indeed, as discussed below, Tennessee players spent more than $5,000,000 on the Games during the Relevant Time Period. *See infra* at ¶ 27; *see also* Zabriskie Decl. ¶ 5. Zynga disputes that Plaintiff and her counsel would be entitled to keep any unclaimed funds under the statute, but in the likely event that there are unclaimed funds (including for any of the reasons stated above), these issues will be debated as questions of first impression for this Court, and they will create a dispute about what amounts Plaintiff, the nominal judgment holder, is entitled to keep.

21. While an Alabama federal court in *Rice v. Aristocrat Leisure, Ltd.*, 2023 WL 5198510 (N.D. Ala. Aug. 11, 2023) and *Mills v. Zynga, Inc.*, 2023 WL 5198511 (N.D. Ala. Aug.

5

11, 2023), recently held that players' purchases could not be aggregated to satisfy § 1332(a)'s amount-in-controversy requirement in an action brought under Alabama's similar gambling loss recovery statute, *Rice* and *Mills* are not binding on this Court and Zynga respectfully disagrees with its conclusion. In any event, the *Rice* and *Mills* court did not consider whether the plaintiff stood to recover more than $75,000 based on the likely event of unclaimed funds. That question is now before the *Rice* and *Mills* court in multiple different cases, on a matter of first impression.

22. Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a).

### B. Removal Is Proper under the CAFA

23. Alternatively, removal is proper under 28 U.S.C. §§ 1332(d)(2) and 1453(b). Together, these statutes allow for the removal of any (1) "class action" where (2) minimal diversity exists, (3) at least 100 class members are represented, and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," provided none of the grounds for mandatory declination of CAFA jurisdiction exists. 28 U.S.C. §§ 1332(d)(1)–(5).

24. All these requirements are met here.

25. First, it is undisputed that Plaintiff is a citizen of Tennessee (Compl. ¶ 10) and Zynga is not a citizen of Tennessee (*id*. ¶ 11; *see also* Zabriskie Decl. ¶ 2). Therefore, the CAFA's minimal diversity requirements are satisfied (28 U.S.C. § 1332(d)(2)) and the mandatory exception to CAFA jurisdiction does not apply (28 U.S.C. § 1332(d)(4)(a)(i)(II)).

26. Second, there are more than 100 players in Tennessee who made a purchase in the Games during the Relevant Time Period, even when excluding those players who spent $75,000 or more during that period. Zabriskie Decl. ¶ 5.

6

31569_00/23001/NLK-4878-1592-0791_1
Case 4:23-cv-00057-CLC-SKL    Document 1    Filed 12/13/23    Page 6 of 10    PageID #: 6

27. Third, the amount spent on the Games alone by all Tennessee players during the Relevant Time Period exceeds $5,000,000, even when excluding the expenditures of players who spent $75,000 or more during that period. *Id*.

28. Finally, this action qualifies as a "class action" under the CAFA. The CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Recognizing that class actions can take many forms, Congress intended "the definition of 'class action' [] to be interpreted liberally," and explained that the CAFA's "application should not be confined solely to lawsuits that are labeled 'class actions' by the named plaintiff or the state rulemaking authority." S. Rep. No. 109-14, at 34, 35 (2005). Indeed, Congress' "overall intent" and purpose in broadly defining a "class action" subject to the CAFA was "to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications." *Id*. Consistent with that purpose, Congress has emphasized that "lawsuits that resemble a purported class action should be considered class actions for the purpose of applying these provisions." *Id*.

29. The Sixth Circuit has not considered whether an action under Tennessee Code § 29-19-105 is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B), nor has any other court. However, courts have held that where an action is "in substance a class action," removal is proper under the CAFA. *Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, 731 F.3d 740, 742 (7th Cir. 2013); *see also Williams v. Emps. Mut. Cas. Co.*, 845 F.3d 891, 901 (8th Cir. 2017) (removal under CAFA appropriate where plaintiff's only legal authority to bring claims was derived from state law authorizing her to bring representative claims for the benefit of others).

30. This action is "in substance a class action." The complaint asserts claims under Tennessee Code § 29-19-105, in a representative capacity on behalf of the unnamed families of all

7

Tennessee players who played Zynga's Games, and the complaint seeks to recover all the money that those players spent on the games "for the use of" those players' families. *See* Compl. ¶¶ 5, 9, 19, 24, 25, Prayer for Relief; *see also Rice*, 2023 WL 5198510, at *3 (observing, in action brought by Plaintiff's same counsel under Alabama's identical gambling loss recovery statute, that the plaintiff "appears in a representative capacity as the sole plaintiff, and she brings this action under Alabama Code § 8-1-150(b) to recover for numerous, and currently unknown, Alabama citizens."); *Mills*, 2023 WL 5198511, at *2 (same).[1] In claiming to represent and to seek recovery "for the use of" all Tennessee players' families, Plaintiff's suit under § 29-19-105 plainly "resemble[s] a purported class action" and therefore, per Congress' express instruction, this suit "should be considered [a] class action[] for the purpose of applying" the CAFA. S. Rep. No. 109-14, at 35.

31. Thus, CAFA jurisdiction exists under 28 U.S.C. § 1332(d)(2). Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1441(a) and 1332(d)(2).

### IV. CONCLUSION

32. Removal of this action is proper under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

33. By removing the state court action to this Court, Zynga reserves and does not waive any and all defenses, objections or motions available to it under state or federal law, including any defenses under Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Zynga hereby removes this action from the Circuit Court of Coffee County, Tennessee, to the United States District Court for the Eastern District of Tennessee,

---

[1] While the *Rice* and *Mills* court found that the individual purchase amounts of players in Alabama could not be aggregated to satisfy the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a), whether jurisdiction existed under the CAFA—which expressly permits aggregation—was not before the court. *Id*. That question is now pending before the same Alabama court in a series of different cases, on a matter of first impression.

8
31569_00/23001/NLK-4878-1592-0791_1
Case 4:23-cv-00057-CLC-SKL    Document 1    Filed 12/13/23    Page 8 of 10    PageID #: 8

Winchester Division. This Notice has been served on all counsel of records on the date and manner stated in the Certificate of Service.

Dated: December 13, 2023

                Respectfully Submitted,

                *s/ Nathan L. Kinard*
                Anthony A. Jackson (TN BPR# 014364)
                Nathan L. Kinard (TN BPR# 035721)
                CHAMBLISS BAHNER & STOPHEL, P.C.
                605 Chestnut Street, Suite 1700
                Chattanooga, Tennessee 37450
                Telephone: (423) 757-0203
                Facsimile: (423) 508-1203
                Email: bjackson@chamblisslaw.com
                Email: nkinard@chamblisslaw.com

                *Attorneys for Zynga, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December 2023, the foregoing document was served on counsel of record for Plaintiff Karen S. Pless, listed below, via email and certified mail:

Garth R. Segroves
113 West Moore Street
Tullahoma, Tennessee 37388
Telephone: 931.393.43 66
Facsimile: 931.259.4466
garth_segroves@att.net

Jeffrey L. Bowling
BEDFORD, ROGERS & BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256.332.2880
jeffbrbpc@bellsouth.net

*Counsel for Plaintiff Karen S. Pless*

D. Frank Davis
John E. Norris
Wesley W. Barnett
Dargan M. Ware
DAVIS & NORRIS, LLP
2154 Highland Avenue S.
Birmingham, AL 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

*s/ Nathan L. Kinard*
Nathan L. Kinard